UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ELLIS ROMEOO LEE THOMAS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 3:10-CV-19 JVB |
|  | ) |  |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) |  |
|  | ) |  |
| Respondent. | ) |  |

**OPINION AND ORDER**

Petitioner Ellis Thomas submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a disciplinary hearing at the Indiana State Prison. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974). This must be accompanied by "some evidence" to support the decision of the prison

disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Thomas was charged with assaulting a staff member. The Disciplinary Hearing Board ("DHB") found him guilty and sanctioned him with a loss of fifteen days of earned credit time. Thomas appealed, and the Superintendent and the final reviewing authority affirmed the finding of guilt.

In ground one of his petition, Thomas states that Indiana Department of Correction ("IDOC") policy requires that hearings be conducted within seven days after the incident occurred but that his hearing occurred more than seven days after the incident. In ground three of his petition, he asserts that the conduct report was not filled out in accordance with IDOC policy. In ground four of his petition, he alleges that IDOC policy requires that all assaults on staff shall be the subject of an investigation prior to the writing of a conduct report, but that no investigation was conducted in his case. Section 2254(a) provides that federal courts shall entertain an application for writ of habeas corpus in behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). Violations of prison disciplinary policies, such as those alleged by this Petitioner in grounds one, three, and four of his petition, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774–75 (N.D. Ind. 1997).

In ground two of his petition, Thomas asserts that the DHB did not review all of his evidence, denying his Fourteenth Amendment "right to a fair hearing and due process." DE 1 at 4.This claim implicates a right protected by *Wolff*, and therefore, Petitioner must be granted leave

to proceed on this ground of his petition.

For the foregoing reasons, the Court:

(1) GRANTS Petitioner leave to proceed on ground two of his petition for writ of habeas corpus;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, DISMISSES all other claims; and

(3) DIRECTS the Clerk's Office to ensure that a copy of this Order is served on Respondent and the Indiana Attorney General along with the Order to Show Cause.

SO ORDERED on April 5, 2010

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT COURT
HAMMOND DIVISION