# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ELLIS ROMEOO LEE THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:10-CV-19 JVB |
| | ) | |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Ellis Thomas, a prisoner confined at the Indiana State Prison ("ISP"), submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging an adverse decision of a prison disciplinary hearing. According to the petition Jinelce Anderson, an ISP food service employee, charged Petitioner with assaulting a staff member. Disciplinary Hearing Officer B. Leonard found Petitioner guilty and sanctioned him with a loss of fifteen days of earned credit time. Petitioner pursued an administrative appeal, and the ISP Superintendent and the Indiana Department of Correction's ("IDOC") final reviewing authority affirmed the hearing officer's finding of guilt.

The Court reviewed Petitioner's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and it dismissed ground one of his petition in which he alleged that his hearing was held more than seven days after the incident in violation of an IDOC policy, ground three in which he asserted that the conduct report was not filled out in accordance with IDOC policy, and ground four in which he alleged that IDOC policy requires that all assaults on staff shall be the subject of an investigation prior to the writing of a conduct report, but that no investigation was conducted in his case. The Court granted Petitioner leave to proceed on ground

two of his petition for writ of habeas corpus, in which Petitioner asserts that the hearing officer denied his Fourteenth Amendment due process right to a fair hearing.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground two of his petition, Petitioner asserts that the hearing officer did not review all of his evidence, thereby denying his Fourteenth Amendment "right to a fair hearing and due process." (DE 1 at 4). Respondent has submitted the administrative record of the disciplinary action. It establishes that at his screening, or a hearing similar to an arraignment in a criminal proceeding, Petitioner asked for a witness statement from Correctional Sergeant Nunn, and asked that a video recording from a security camera at the location where the alleged assault occurred be reviewed.

According to the conduct report, the incident occurred in the prisoner dining room kitchen. However, Officer Nunn submitted a written statement that when Petitioner "was with me in the [prisoner dining room], nothing out of the ordinary happened." (DE 10-3). Two other staff members also submitted statements but, like Officer Nunn, neither actually witnessed the incident between Petitioner and Jinelce Anderson. The hearing officer filled out a form in which

she stated that she reviewed the video on November 2, 2009, the day of the hearing, and that the "incident can't be seen on camera." (DE 10-6). Respondent argues that the administrative record establishes that the hearing officer reviewed all of the evidence Petitioner requested.

In his traverse, Petitioner argues that there were additional witnesses he would have liked to have called. Petitioner states that at the hearing he told the hearing officer that his "supervisor Larry Higgins and Bradley said they would be my witnesses can you call them." (DE 11 at 4). When he was screened, Petitioner requested only one witness and that the security videotape be reviewed. He did not request Higgins or Brady as witnesses when he was screened, nor did he request them after his screening but before the hearing. The Constitution's Due Process Clause guarantees inmates the opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals. *Wolff*, 418 U.S. at 566. But prisoners may waive the right to present evidence by not requesting it prior to the hearing. A "prisoner certainly cannot wait until the day of the hearing" to request witnesses or evidence. *Miller v. Duckworth*, 963 F.2d 1002, 1004 n. 2 (7th Cir. 1992).

Petitioner did not request his witnesses prior to the hearing or ask for a continuance prior to the hearing so that prison officials could get statements from his witnesses. Requiring prisoners to provide the names of witnesses before the hearing is essential to the efficient operation of disciplinary hearings, and Petitioner "cannot now complain that the committee violated his rights when his own procedural default left the committee with no way to have his witness present." *Carter v. Fairman*, 675 F.Supp. 449, 452 (N.D. Ill.1987). "Having failed to comply with procedures designed to insure a fair hearing or to allege any reason to explain why he could not comply with those procedures, [petitioner] has waived his right to contest the

3

defendants' refusal to contact witnesses on his behalf at his disciplinary hearing." *Billops v. Wright*, 803 F.Supp. 1439, 1444 (N.D.Ind. 1992). Furthermore, An inmate who waits to identify witnesses until the day of the hearing waives that right. *See Miller*, 963 F.2d at 1004 n. 2. By failing to request Higgins or Brady as witnesses before the hearing itself, Petitioner waived his right to call them as witnesses.

The administrative record of this disciplinary hearing establishes that prison officials obtained a statement from Officer Nunn, obtained statements from other officers, and the hearing officer viewed the surveillance tape. Accordingly, the record establishes that the hearing officer did review all of the evidence Petitioner had properly requested, but none of it was exculpatory.

In his traverse, Petitioner asserts that he "should have been allowed to face [Jinelce] Anderson and question her, this is a right protected by *Wolff*." (DE 11 at 7). He also asserts that the hearing officer was biased because she was a correctional officer and knew Jinelce Anderson, "the IDOC DHB has no outside members," a multi-member board would have been better than a single hearing officer, and that "an unreviewed report of a guard or staff" is not sufficient evidence to support a finding of guilt. (*Id.*). However, these are not claims presented in the petition for writ of habeas corpus or in Petitioner's institutional appeal. The principles of exhaustion of available state remedies and procedural default also apply to prison disciplinary hearings. *O'Donnell v. Davis*, 115 Fed. Appx. 869, 871 (7th Cir. 2004); *Markham v. Clark*, 978 F.2d 993. 995 (7th Cir. 1992). To obtain federal habeas review, a prisoner must exhaust all available appeals, including administrative appeals, and he or she must have raised in those appeals any issue on which the prisoner seeks federal review. *See Wilson-El v. Finnan*, 263 Fed Appx. 503, 506 (7th Cir. 2008); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

In any case, prisoners do not have the right to confront and cross-examine their accusers at prison disciplinary hearings. *Wolff*, 418 U.S. at 567. Where the writer of the conduct report witnessed the events described in the report, the conduct report alone is sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). One of the procedural due process rights guaranteed to inmates during a disciplinary hearing by *Wolff* is the right to be heard before an impartial decision maker. Due process requires recusal of the decision-maker only where the decision-maker has a direct, personal, or otherwise substantial involvement in the circumstances underlying the charges against the offender. *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983) (citing *Rhodes v. Robinson*, 612 F.2d 766, 773 (3rd Cir. 1979)). Finally, the Fourteenth Amendment does not guarantee a prisoner the right to a multi-member board instead of a single hearing officer or that the hearing officer be from outside the prison.

For the foregoing reasons, the Court DENIES this petition.

SO ORDERED on January 27, 2011.

                                              s/ Joseph S. Van Bokkelen
                                              JOSEPH S. VAN BOKKELEN
                                              UNITED STATES DISTRICT JUDGE